BAYONNE DISTRICT COURT.

E. W. HAMLIN, PLAINTIFF, v. WILLIAM COPPEL, DEFENDANT.

For the plaintiff, *Feinberg & Feinberg*.

For the defendant, *Kwalick & Toker*.

MELNIKER, J. In this case, the summons dated May 4th, 1931, was served on the defendant on the same day. On its face it was returnable on April 30th—four days before it was served. The back of the summons is endorsed in the usual way with the name of the court, the title of the cause, the amount of the claim, costs, &c., and the words "Returnable May 14th, 1931."

The defendant appeared specially by counsel on May 14th and moved to quash the summons on the ground that it was served after the return day named therein. The plaintiff moved to amend the summons by changing the return day from April 30th to May 14th to conform with the date on the endorsement.

The question presented on these cross-motions is whether the defendant, having been actually served, the court has the power to amend the summons, so as to make the return day on the face of the summons conform to the date endorsed on the back thereof. It is urged that the motion to amend be granted because the defendant had actual notice of the true return day of the summons, even though the face of the summons explicitly directed him to appear on a date prior to the date of service.

In the absence of the endorsement on the back of the summons, there could be little doubt that such service was defective. A summons commanding a defendant to appear on an impossible date is no summons at all and is absolutely void and of no effect. If the defendant had failed to appear altogether and judgment had been entered against him, it would on application have been vacated. *Bradley* v. *Hall,* 20 *N. J. L.* 122.

The endorsement cannot avail the plaintiff as it has been held that the endorsement of a return day on a writ is no part of its command. *Gondas* v. *Gondas,* 99 *N. J. Eq.* 473.

Furthermore, the plaintiff is confronted with this additional difficulty. If the return of the sergeant-at-arms that service was made by "reading" the summons to the defendant and delivering a copy to him is correct, then manifestly the defendant was told to appear on April 30th, which is, of course, an absurdity. If the summons was not read to the defendant, as the statute requires, then the defendant was not properly served, and it cannot fairly be said in the absence of proof to the contrary, that he was apprised of the true return date.

Nor does the appearance of counsel for the defendant specially on this motion help the plaintiff's situation. Such appearance puts the plaintiff in no better position than he would have been in if there had been no appearance at all for the defendant. In such a case, if a judgment had been entered against him, the court would have been obliged to vacate it. A special appearance on a motion to quash cannot improve the plaintiff's position.

The defect seems to be one beyond the power of the court to correct by amendment. The summons will, therefore, be quashed.